IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERGIO AGUILAR, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-2415-S-BK |
| § | |
| SERVICE LLOYDS INSURANCE, § | |
| DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for pretrial management. The Court granted Plaintiff Sergio Aguilar's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.   BACKGROUND**

Aguilar claims he injured his left knee and leg while working for a landscaping company in October 2013. Doc. 3 at 2-3. He eventually appealed the workers compensation decision, and the state court granted summary judgment for Defendant Service Lloyds Insurance. *See Aguilar v. Service Lloyds Ins. Co.*, No. DC-16-01742 (192nd Jud. Dist. Ct., Dallas Cty, June 19, 2017), *appeal dismissed*, No. 05-17-01355-CV, 2018 WL 1008034 (Tex. App.—Dallas Feb. 22, 2018, pet. denied) (mem. op.).[1] Aguilar subsequently filed this action alleging fraud and identity theft

---

[1] The Dallas County docket sheet for Case No. DC-16-01742 is available at https://courtsportal.dallascounty.org/DALLASPROD/Home/WorkspaceMode?p=0 (Last accessed on Jan. 25, 2019).

by Service Lloyds and claiming that he is 80% disabled and needs three more surgeries in his legs. Doc. 3 at 1-3. He also argues that the medical reports and workers compensation payments (compensating him for only a 1% restriction) were fraudulent because they referenced a false social security and claim number. Doc. 3 at 1-3. Aguilar argues that by presenting false documents in the state court review proceedings, Service Lloyds made a mockery of the judicial system. Doc. 3 at 1. He requests that Service Lloyds be ordered to pay him all of his benefits under the correct social security number. *Id.*

In his *Answers to Magistrate Judge's Questionnaire*, Aguilar avers that Service Lloyds "violate[d] Federal and State laws, because they altered medical records . . . [and] made use of a false social security number, which is "a punishable offense." Doc. 14 at 2. He also challenges the state court's ruling stemming from his Texas workers' compensation case because false information was presented, his medical records were altered, and false social security and claim numbers were utilized. Doc. 14 at 9. Aguilar states that he is suing Defendant for "$4,500,000 for fraud and identify theft, damages [and] lost time" and for Defendant's failure "to follow up on my lessions [sic] the past 5 years." Doc. 14 at 3.

## II.   ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there

is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Aguilar's pleadings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Aguilar has not alleged facts that could be construed to establish federal question or diversity jurisdiction.

The *Complaint*, as supplemented by the *Answers to Magistrate Judge's Questionnaire*, plainly fails to present a federal cause of action, alleging only state law fraud and identity theft claims. Doc. 3 at 1-3; Doc. 14 at 2, 5. Moreover, no matter his dissatisfaction with the state court's decision related to his workers compensation benefits, Aguilar may not seek recourse in federal court. Doc. 14 at 9. The *Rooker-Feldman* doctrine[2] divests this Court of subject matter jurisdiction to review the denial of workers compensation benefits. *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (holding that by virtue of the *Rooker-Feldman* doctrine, "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts'" (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir.

---

[2] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

1994)); *Clavo v. Townsend*, 544 F. App'x 549, 550-51 (5th Cir. 2013) (per curiam) (affirming dismissal of *pro se* plaintiff's federal lawsuit based upon denial of workers compensation benefits).

Moreover, to the extent Plaintiff seeks to allege criminal law violations stemming from the purported identity theft, his request lacks any legal basis and, thus, cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Aguilar has pled nothing that even comes close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Aguilar] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Additionally, as a Texas resident, Aguilar shares the same state of citizenship as the Defendant, Service Lloyds Insurance; thus, there is no diversity jurisdiction. Doc. 14 at 5 (confirming Service Lloyds' principal business is in Texas). *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Aguilar's state law claims. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when she has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Aguilar clearly demonstrate a lack of subject matter jurisdiction in this Court. In addition, the Court has already given Aguilar the opportunity to supplement the complaint by his *Answers to Magistrate Judge's Questionnaire*. Thus, granting leave to amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED**, on January 28, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).